UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **KEVIN TRAHAN** | * | **CIVIL ACTION NO.   18-1262** |
| **VERSUS** | * | **JUDGE TERRY A. DOUGHTY** |
| **METROPOLITAN LIFE INSURANCE COMPANY** | * | **MAG. JUDGE KAREN L. HAYES** |

**REPORT AND RECOMMENDATION**

Before the undersigned magistrate judge, on reference from the District Court, is a motion for partial summary judgment [doc. # 45] filed by defendant, Metropolitan Life Insurance Company ("MetLife"). The motion is only partially opposed. *See* doc. # 52. For reasons detailed below, it is recommended that the motion for partial summary judgment be GRANTED.

**Background**

On September 25, 2018, Kevin Trahan filed the instant suit against MetLife for the company's alleged arbitrary and wrongful failure to pay benefits under a long-term disability policy that Trahan subscribed to during his employment with Performance Entergy and Quanta Services, Inc. (Compl.). Trahan requested resulting damages, including penalties, reasonable attorney's fees, and legal interest. *Id.*

On January 2, 2019, the court reviewed the record and noted that plaintiff's complaint failed to allege any basis for the exercise of subject matter jurisdiction. (Jan. 2, 2019, Order [doc. # 25]). On January 10, 2019, plaintiff amended his complaint to invoke the court's federal question jurisdiction, 28 U.S.C. § 1331, on the grounds that he was seeking benefits due under the terms of an ERISA disability plan issued by his employer. (Pl. Amend. Compl.). He

alternatively asserted that the court enjoyed diversity jurisdiction, 28 U.S.C. § 1332, because the parties were completely diverse, and the amount in controversy exceeded $75,000. *Id.*[1] Plaintiff also "acknowledge[d] that any state claim he might otherwise have has probably been preempted by ERISA, but to the extent that the evidence presented hereafter may show the existence of any non-pre-empted state claim, plaintiff would show that there is supplemental jurisdiction over any such claim under 28 U.S.C. 1367." *Id.*

In the aftermath of motion practice focused upon whether plaintiff exhausted his pre-suit administrative remedies [doc. # 5], and the court's disposition of same [doc. #s 29 & 36], MetLife filed its answer to plaintiff's amended complaint on March 7, 2019 [doc. #s 43-44].

Meanwhile, on February 11, 2019, the court ordered the parties to file, within 60 days, "a (1) joint stipulation, (2) statement, or (3) motion for summary judgment or other dispositive motion as to the following issues:

    a.    whether ERISA governs the employee benefit plan at issue,

    b.    whether the plan vests the administrator with discretionary authority to determine eligibility for benefits and/or construe and interpret the terms of the plan, and

    c.    whether ERISA preempts all state law claims related to the employee benefit plan at issue."
(Feb. 11, 2019, Civil Case Mgmt. Order [doc. # 40]).

In furtherance of the court order, defense counsel sent a proposed joint stipulation to plaintiff's counsel which read, as follows:

I.

The employee welfare benefits plan[ ] at issue which provides long term disability benefits to the employees of Performance Energy Services, a subsidiary of Quanta Services, Inc. is governed by the Employee Retirement Income Security Act of

---

[1] The court is satisfied that it may exercise subject matter jurisdiction via federal question and/or diversity. 28 U.S.C. §§ 1331 & 1332.

> 1974, as amended, 29 U.S.C. § 1001, et seq. ("ERISA").
>
> II.
>
> The employee welfare benefit plan at issue grants the plan administrator with discretionary authority to determine eligibility for benefits and to construe and interpret the terms of the plan.
>
> III.
>
> ERISA preempts all state law claims as they relate to the employee welfare benefit plan at issue.

(Feb. 12, 2019, Letter from K. Gideon to A. Bruscato, Joint Stip. [doc. # 52-3]).

In his March 15, 2019, response to the proposed stipulation, plaintiff's counsel stated,

> 1. Agreed.
>
> 2. Partly agreed. The plan, as written, gives the administrator discretion . . .
>
> 3. Partly agreed . . .

(March 15, 2019, Letter from A. Bruscato to K. Gideon [doc. # 52-4].

Plaintiff's counsel further explained that, for various reasons, he believed that the standard of review should be de novo, notwithstanding the Plan's grant of discretionary authority to the administrator. *Id.* Also, although counsel agreed that, as far as he was aware, his client did not have any state law claims that were not preempted by ERISA, it was theoretically possible that such a claim might exist in the future. *Id.*

In light of the parties' inability to reach an unequivocal joint stipulation regarding the three issues raised in the court's civil case management order, MetLife filed the instant motion for partial summary judgment on April 11, 2019, seeking a determination that

> (1) ERISA governs the employee benefit plan at issue in this case; (2) the Plan vests the Plan Administrator and other Plan fiduciaries, including, MetLife, with discretionary authority to determine eligibility for benefits and to construe and interpret the terms of the Plan; and (3) ERISA preempts all state law claims related

to the employee benefit plan at issue.
(MPSJ [doc. # 45]).

On May 6, 2019, plaintiff filed his memorandum in "partial opposition" to MetLife's motion for partial summary judgment. [doc. # 45]. As to the first issue, plaintiff offered to stipulate that ERISA governed the employee benefit plan at issue. As to the second issue, plaintiff agreed that the Plan included the following paragraph that accorded the plan administrators certain discretion:

> [i]n carrying out their respective responsibilities under the Plan, the Plan administrator and other Plan fiduciaries shall have discretionary authority to interpret the terms of the plan and to determine eligibility for and entitled to Plan benefits in accordance with the terms of the Plan. Any interpretation or determination made pursuant to such discretionary authority shall be given full force and effect, unless it can be shown that the interpretation or determination was arbitrary and capricious.

(Pl. Opp. Memo., pg. 2).

Plaintiff further agreed that, under the general rule, where, as here, an ERISA plan confers discretion on the plan administrator, then the administrator's benefit determinations will be reviewed under an abuse of discretion standard. *Id*., at pg. 5. He argued, however, that there were various exceptions to this rule, one or more of which was applicable here, such that the abuse of discretion standard remained inapplicable. *Id*.

Finally, as to preemption, plaintiff asserted that he was willing to stipulate that he was not currently asserting any claim under state law, and that, based on his knowledge to date, all state law claims which he could assert were preempted under ERISA. (Pl. Opp. Memo., pg. 20).

On May 13, 2019, MetLife filed its reply brief. [doc. # 55]. The matter is ripe.

**Summary Judgment Standard**

Summary judgment is appropriate when the evidence before the court shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting *Anderson*, 477 U.S. at 247). "The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim." *Stahl v. Novartis Pharm. Corp.*, 283 F.3d 254, 263 (5th Cir. 2002). Thereafter, if the non-movant is unable to identify anything in the record to support its claim, summary judgment is appropriate. *Id.*

In evaluating the evidence tendered by the parties, the court must accept the evidence of the non-movant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255. While courts will "resolve factual controversies in favor of the non-moving party," an actual controversy exists only "when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). There can be no genuine dispute as to a material fact when a party fails "to make a showing sufficient to

establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322-323. The non-moving party may not rely merely on the allegations and conclusions contained within the pleadings; rather, the non-movant "must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial." *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996). The non-movant does not satisfy his burden merely by demonstrating some metaphysical doubt as to the material facts, by setting forth conclusory allegations and unsubstantiated assertions, or by presenting but a scintilla of evidence. *Little*, 37 F.3d at 1075 (citations omitted).

Moreover, "summary judgment is appropriate in *any* case 'where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant.'" *Little, supra* (citation omitted) (emphasis in original). In sum, "[a]fter the non-movant has been given the opportunity to raise a genuine factual issue, if no reasonable juror could find for the non-movant, summary judgment will be granted." *Mississippi River Basin Alliance v. Westphal*, 230 F.3d 170, 174 (5th Cir. 2000) (citation omitted).

When a movant bears the burden of proof on an issue, it must establish "beyond [doubt] all of the essential elements of the claim . . . to warrant judgment in [its] favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). In other words, the movant must affirmatively establish its right to prevail as a matter of law. *Universal Sav. Ass'n v. McConnell*, 1993 WL 560271 (5th Cir. Dec. 29, 1993) (unpubl.).

## Analysis

**I.     ERISA Plan**

ERISA defines an "employee welfare benefit plan" as "any plan, fund, or program . . .

6

established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries . . ." certain benefits, "including benefits in the event of sickness, accident, disability . . ."  29 U.S.C. § 1002(1).

In support of its motion for partial summary judgment, MetLife submitted the following statement of material facts, to which plaintiff agreed:

1. Quanta Services, Inc. ("Quanta") established an employee welfare benefit plan ("the Plan") to provide long term disability (LTD) benefits to its eligible employees and the eligible employees of its subsidiary and affiliate companies.

2. Performance Energy Service, LLC is an affiliate of Quanta.

3. Kevin Trahan was an employee of Performance Energy Services, LLC.

4. As an employee of Performance Energy Service, LLC, one of Quanta's affiliates, Kevin Trahan was eligible to and did participate in the employee welfare benefit Plan at issue.

5. The employee welfare benefit plan providing the LTD benefits at issue in this case is regulated by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C.§1001-1461 ("ERISA").

(MetLife Statement of Material Facts [doc. # 49]; Pl. Response [doc. # 52-1]).

Upon consideration of the uncontroverted evidence, plus the parties' agreement, the undersigned concludes that the subject long-term disability policy is an ERISA plan.

## II.   Discretionary Authority

"ERISA was enacted 'to promote the interests of employees and their beneficiaries in employee benefit plans' and 'to protect contractually defined benefits.'" *Schadler v. Anthem Life Ins. Co.*, 147 F.3d 388, 393 (5th Cir. 1998) (citation omitted).  To achieve these goals, ERISA requires every employee welfare benefit plan to,

> (1) provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the

7

> participant, and
>
> (2) afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

29 U.S.C. § 1133.

The Supreme Court has held that "a denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115; 109 S.Ct. 948, 957 (1989). In other words, "[w]here a plan does vest the administrator with such discretionary authority, courts review the decision under the more deferential abuse of discretion standard." *Schadler, supra* (citations omitted).[2]

Moreover, "[d]iscretionary authority cannot be implied; an administrator has no discretion to determine eligibility or interpret the plan unless the plan language expressly confers such authority on the administrator." *Wildbur v. ARCO Chemical Co.*, 974 F.2d 631, 636 (5th Cir. 1992) (citing *Cathey v. Dow Chemical Co. Medical Care Program*, 907 F.2d 554, 558 (5th Cir.1990)). The courts do not require any particular "linguistic template"; rather, the plan must be read "as a whole" to determine whether it confers discretionary authority upon the plan administrator or fiduciary. *See Wildbur, supra*. Nonetheless, the plan must expressly and unambiguously confer discretionary authority upon the administrator to determine entitlement to benefits. *See Cathey*, 907 F.2d at 559.

---

[2] Until recently, the Fifth Circuit distinguished between appeals of plan term interpretations versus challenges to factual findings and, even in situations where the plan did not confer discretionary authority upon the administrator, applied an abuse of discretion standard to the latter determinations. Now, however, the *Firestone* standard applies to all appeals of plan denials. *Ariana M. v. Humana Health Plan of Texas, Inc.*, 884 F.3d 246, 256 (5th Cir.2018) (en banc).

Here, the parties and the court agree that the Plan includes a paragraph that accords discretionary authority to the plan administrator to determine eligibility for benefits and to construe and interpret the terms of the Plan. *See* Plan [doc. # 45-3] and March 15, 2019, Letter [doc. # 52-4]. Furthermore, under the Plan, this discretionary authority extends to other Plan fiduciaries. *Id*. Plaintiff agrees that MetLife acted as the claims administrator in this case, and thus, that it is an ERISA fiduciary. (Pl. Opp. Memo., pg. 9); *see also Vega v. National Life Ins. Services, Inc.*, 145 F.3d 673 (5th Cir. 1998), *reh'g en banc granted, opinion vacated on other grounds*, 167F.3d 197 (5th Cir. 1999) *and on reh'g en banc*, 188 F.3d 287 (5th Cir. 1999).[3]

The court appreciates plaintiff's myriad arguments that, the Plan's grant of discretionary authority to the administrator notwithstanding, the court should proceed to apply a less than fully deferential standard of review, or to even review the decision de novo. Plaintiff's arguments principally focus upon procedural irregularities in the administrative process, as well as MetLife's inherent conflict of interest as both the claims administrator and the source of benefits funding.

As an initial matter, "the doctrine of procedural unreasonableness" is a separate concept that is a subset of the conflict of interest analysis. *Killen v. Reliance Standard Life Ins. Co.*, 776 F.3d 303, 310 n.5 (5th Cir.2015) (quoting *Truitt v. Unum Life Ins. Co. of Am.*, 729 F.3d 497, 509 n.4 (5th Cir. 2013)). To date, however, the Fifth Circuit has declined to "express [an] opinion on whether flagrant procedural violations of ERISA can alter the standard of review." *Burell v.*

---

[3] In his brief, plaintiff suspected some ulterior motive behind MetLife's inclusion of "other Plan fiduciaries" in the "discretionary authority" component of its motion for summary judgment. The court does not share plaintiff's concerns. Rather, it is apparent that MetLife added the foregoing phrase to ensure that the "discretionary authority" conferred by the Plan applied to MetLife's benefits determination that it rendered in its capacity as claims administrator and plan fiduciary.

9

*Prudential Ins. Co. of Am.*, 820 F.3d 132, 138 (5th Cir.2016) (citing *Lafleur v. Louisiana Health Service and Indemnity Co.,*563 F.3d 148 (5th Cir.2009); *Romo v. Waste Connections US, Inc.*, No. 18-0570, 2019 WL 3769108, at *4 (N.D. Tex. Aug. 9, 2019). Furthermore, the plan administrator's structural conflict of interest alone does not suffice to alter the applicable standard of review. *Burell, supra*. Rather, the conflict is "but one factor among many that a reviewing judge must take into account in determining whether an abuse of discretion occurred." *Id.* (citations and internal quotation marks omitted).

In short, at this juncture, plaintiff has not established that the court's standard of review should be other than for abuse of discretion. Indeed, the court only asked the parties to ascertain "whether the plan vests the administrator with discretionary authority to determine eligibility for benefits and/or construe and interpret the terms of the plan." They have answered this discrete question in the affirmative.

The court further notes, however, that at the time plaintiff filed his brief, counsel stated that he had not had sufficient time to review the administrative record, and that he intended to petition the court to conduct limited discovery as authorized by case law. *See Crosby v. Louisiana Health Serv. & Indem. Co.*, 647 F.3d 258, 263 (5th Cir.2011). Plaintiff may rest assured that today's decision does not preclude his ability to argue in his brief on the merits that the court should review the administrator's denial of benefits utilizing a standard of review that is less deferential than for abuse of discretion.

**III.    Preemption**

ERISA's express preemption provision, § 514(a), states that ERISA "shall supersede any and all State laws insofar as they may now or hereafter *relate to* any employee benefit plan. . . ." 29 U.S.C. § 1144(a) (emphasis added). This provision is purposefully expansive, and is

10

intended to "ensure that employee benefit plan regulation would be exclusively a federal concern." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 124 S.Ct. 2488 (2004). Thus, any state-law cause of action that "duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Davila, supra*.

In response to MetLife's motion, plaintiff stands by his attorney's prior concession that "[a]s far as plaintiff is aware based on information available to date, all state law claims which plaintiff could otherwise assert are preempted by ERISA and plaintiff is not currently asserting any claim under state law." (Pl. Opp. Memo., pgs. 20-21). However, "since the facts have not been fully developed," plaintiff is unable to stipulate away his ability to assert a potentially un-preempted state law claim. *Id*.

The court observes that because the instant motion disposes of less than all claims and parties, it is not a final judgment and remains subject to revision at any time before conclusion of the case. Fed.R.Civ.P. 54(b). Therefore, should plaintiff timely uncover a viable un-preempted state law claim, he may seek leave to amend his complaint to add the claim and petition the court to reconsider the preemption issue. Unless and until such time, however, the court will give effect to the parties' agreement that all currently known state law claims are preempted by ERISA.

## Conclusion

For the above-assigned reasons, the court finds that there is no genuine dispute as to a material fact, and that defendant, Metropolitan Life Insurance Company, is entitled to judgment as a matter of law. Fed.R.Civ.P. 56. Accordingly,

IT IS RECOMMENDED that defendant, Metropolitan Life Insurance Company's motion

for partial summary judgment [doc. # 45] be GRANTED, and that the court find that,

    a.    ERISA governs the employee benefit plan at issue in this case,

    b.    the subject plan vests the administrator, including MetLife, with discretionary authority to determine eligibility for benefits and/or construe and interpret the terms of the plan, and

    c.    ERISA preempts all state law claims related to the employee benefit plan at issue.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.C.P. Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 8th day of October, 2019.

                                                                                  KAREN L. HAYES
                                                                                  UNITED STATES MAGISTRATE JUDGE